PeaesoN, C. J.
 

 The plaintiff puts his equity on the ground, that he contracted to sell only his interest in the land, and the defendant was to take his title, “ such as it was” without warranty, and at his (the defendant’s) risk, and that the defendant fraudulently prepared a deed, containing a warranty, and induced him to execute it without reading it, or having it read to him-. He further alleges, that for the purpose of
 
 *207
 
 making the franc!' more oppressive, the defendant inserted as the consideration, the sum of $500 instead of $50, which was the price paid. The prayer is for an injunction as to the whole amount of the judgment recovered on the warranty, and the fiat is accordingly made to cover the whole judgment, on the ground, that the warranty was fraudulently inserted in the deed.
 

 The defendant avers, that by the contract, the plaintiff was to execute a deed, with warranty, and that the deed, containing a warranty, was read over to him, and then handed to him and he read it over, and executed it, with a perfect knowledge of its conten'ts. As respects the consideration, the defendant avers that, although the price paid was $110, and not $50, as alledged by the plaintiff, yet, the bond, which the plaintiff had previously executed, was in the sum of $500, to make a good title in fee simple, and in preparing the deed, that sum was inserted as the consideration, being the amount in which the plaintiff had bound himself for the title, and for the additional purpose of enabling the defendant to resell to better advantage; but he says, this was done with the knowledge and consent of the plaintiff, and that “ the contents of the deed was talked over between them” and compared with the terms of the title-bond before the deed was executed.
 

 If the bill had been framed with a view of setting up a limited equity, because of a misconception, under which the parties mutually labored, in respect to the effect of the consideration inserted in the deed, and if the warranty was to have been a “ covenant of quiet enjoyment,” and not “ a covenant of seizin,” (for, in the latter, the question of damages is an open one, the rule that the price paid is the measure of damage only applying to the former, in analogy to the old “ covenant real,” in which
 
 other
 
 land, of
 
 equal
 
 value, was recovered on voucher,
 
 Williams
 
 v. Beeman, 2 Dev. Rep. 483.) it is probable the plaintiff could have made out an equity, to enjoin the judgment, except as to the amount of the price paid and interest.
 

 But as the bill is framed on the ground, that there was to
 
 *208
 
 be no warranty, and that its insertion was a “ford fraud” prac-tised by the defendant, the plaintiff must stand or fall on that ground, what is alleged, in regard to the consideration!,, being only matter of inducement, for if there was to have been no warranty, the amount inserted, as- the consideration., was wholly immaterial, so far as liability of the plaintiff was concerned.
 

 Taking the plaintiff’s equity on the broad ground, upon which he has put it, the answer is fully responsive and directly denies the allegations on which it rests,, and the injunction ought to have been dissolved.
 

 PER CüRiam, . Decretal order reversed.